UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

SUSAN RICE, an individual; and JAMES RICE, an individual,

    Plaintiffs,

vs.

NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

    Defendants.

---------------------------------------x

CASE NO.: CV 10-3711

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**DEMAND FOR JURY TRIAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 12 2010 ★
BROOKLYN OFFICE

## I. PRELIMINARY STATEMENT

1. Plaintiffs, SUSAN RICE and JAMES RICE (collectively the "Plaintiffs" or "RICES"), bring this action for the illegal practices of the Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO FINANCIAL") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against

debt collection abuses. 15 U.S.C. § 1692(a) - (e).

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

4. To regulate the types of communications by debt collectors the FDCPA, at 15 U.S.C. § 1692c(c), provides that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except under certain circumstances.

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, 15 U.S.C. § 1692d(5).

6. The Plaintiffs seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

7.  SUSAN RICE is a natural person.

8.  At all times relevant to this complaint, SUSAN RICE was a citizen of, and resided in, the Hamlet of Port Washington, Nassau County, New York.

9.  JAMES RICE is a natural person.

10. At all times relevant to this complaint, JAMES RICE was a citizen of, and resided in, the Hamlet of Port Washington, Nassau County, New York.

11. At all times relevant to this complaint, NCO is a for-profit business corporation existing pursuant to the laws of the Commonwealth of Pennsylvania. NCO maintains its principal business address at 507 Prudential Road, in Horsham Township, Montgomery County, Pennsylvania. NCO is a citizen of the Commonwealth of Pennsylvania.

12. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of NCO FINANCIAL that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NCO FINANCIAL and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because NCO FINANCIAL regularly transacts business within this federal judicial district and, therefore, resides in the State of New York within the meaning of 28 U.S.C. § 1391(b) and (c).

## IV. FACTS REGARDING PLAINTIFFS

16. At all times relevant to this action, JAMES RICE and SUSAN RICE (collectively, "the RICES") are married and live together as husband and wife.

17. Sometime prior to April 2009, SUSAN RICE allegedly incurred a financial obligation ("Rice Obligation").

18. The Rice Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. NCO FINANCIAL contends that the Rice Obligation is in default.

20. The alleged Rice Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. SUSAN RICE is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. SUSAN RICE is informed and believes, and on that basis alleges, that sometime prior to May 18, 2010, the creditor of the Rice Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to NCO FINANCIAL for collection.

23. NCO FINANCIAL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. NCO FINANCIAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The RICES share the same home telephone, and home telephone answering machine system.

26. Within the one year immediately preceding the filing of this complaint, NCO FINANCIAL contacted the RICES on multiple occasions via telephone in an attempt to collect the alleged Rice Obligation.

27. At all times relevant to this action, NCO FINANCIAL knew, or should have known, that the RICES were married, lived together, and that they shared one or more of the telephone numbers that NCO FINANCIAL was calling.

28. Beginning on at least May 18, 2010, and continuing thereafter, NCO FINANCIAL placed numerous telephone calls to the RICES in an attempt to collect the alleged Rice Obligation ("NCO Calls").

29. Each of the NCO Calls was placed by, or caused to be placed by, persons employed as debt collectors by NCO FINANCIAL in connection with the collection of a debt.

30. NCO FINANCIAL placed the NCO Calls to the RICES at all times of the day and night from 9:00 a.m. until 9:00 p.m.

31. NCO FINANCIAL placed the NCO Calls to the RICES multiple times per day and night from 9:00 a.m. until 9:00 p.m., most often 3 to 5 times a day/night, and often the calls were placed within the same hour or couple of hours.

32. During the NCO Calls, NCO FINANCIAL would, on most occasions, hang-up once the calls were answered and would not leave any telephonic voice messages.

33. Each of the NCO Calls, and the frequency with which they were placed, was conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34. The RICES were harassed, oppressed, and abused by the NCO Calls, and the frequency with which NCO FINANCIAL chose to place those calls to their home.

35. On or about June 23, 2010, SUSAN RICE mailed a letter to NCO FINANCIAL in which she expressly stated, "I dispute this debt and want no further contact from your organization" ("6/23/10 Letter").

36. NCO FINANCIAL received the 6/23/10 Letter on June 28, 2010.

37. Notwithstanding its receipt of the 6/23/10 Letter, NCO FINANCIAL continued to place NCO Calls to the RICES and did not leave a message during these communications.

38. At no time after its receipt of the 6/23/10 Letter did NCO FINANCIAL advise the consumer that the debt collector's further efforts are being terminated.

39. At no time after its receipt of the 6/23/10 Letter did NCO FINANCIAL notify the consumer that the debt collector's further efforts are being terminated.

40. At no time after its receipt of the 6/23/10 Letter did NCO FINANCIAL provide the RICES with verification of the alleged debt prior.

## V. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

41. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

42. Defendants violated the FDCPA by:

(a) Failing to cease all communication with Plaintiffs concerning the Rice Obligation after receiving written notification that the consumer wishes the debt collector to cease further communication with the consumer, which constitutes a violation of 15 U.S.C. §1692c(a)(2);

(b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(c) Causing Plaintiffs' telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5);

(d) By failing to cease collection of the Rice Obligation, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and mailing a copy of such verification or judgment to Plaintiffs in violation of 15 U.S.C. § 1692g(b).

## VI. PRAYER FOR RELIEF

43. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor as follows:

A. **For the FIRST CAUSE OF ACTION**:

(a) An award of the maximum statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(c) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED: Fresh Meadows, New York
August 9, 2010

_____
WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com
*Attorneys for Plaintiffs, Susan Rice and James Rice*